David J. Kaminski (SBN: 128509)
kaminskid@cmtlaw.com
Alex A. Wade (SBN: 266860)
wadea@cmtlaw.com
CARLSON & MESSER LLP
5901 W. Century Boulevard, Suite 1200
Los Angeles, CA 90045
Tel: (310) 242-2200
Fax: (310) 242-2222

Attorney for Defendant,
VITAL SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN D. NERO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>VITAL SOLUTIONS, INC.<br><br>　　　　Defendant. | CASE NO. 3:18-cv-02503-BTM-MDD<br><br>*EX PARTE* MOTION FOR ORDER CONTINUING EARLY NEUTRAL EVALUATION AND CASE MANAGEMENT CONFERENCE, OR IN THE ALTERNATIVE, EXCUSING PERSONAL APPEARANCE OF DEFENDANT'S REPRESENTATIVE AND INSURANCE REPRESENTATIVE<br><br>Judge: Hon. Magistrate Judge<br>　　　　Mitchell D. Dembin<br>Date:　June 18, 2019<br>Time:　9:30 a.m. |

**TO THIS HONORABLE COURT AND TO PLAINTIFF AND HIS COUNSEL:**

Pursuant the Court's Order for Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") (Dkt. Nos. 13, 15 and 19), Defendant VITAL SOLUTIONS, INC., ("Defendant"), through its respective counsel of record, hereby files this *ex parte* request that the ENE and CMC scheduled for June 18, 2019, at 9:30 a.m., before Magistrate Judge Mitchell D. Dembin, be continued until after a ruling on Defendant's anticipated Federal Rule of Civil Procedure 11 Motion for Sanctions ("Rule

1

*EX PARTE* MOTION TO CONTINUE ENE

11 Motion") has been issued.  In accordance with Rule 11(c)(2) of the Federal Rules of Civil Procedure, Defendant's Rule 11 Motion was properly served on Plaintiff's counsel on June 6, 2019, and Defendant is therefore required to wait 21 days, to allow Plaintiff time to Dismiss his Complaint, before filing said motion.

In the alternative, Defendant and Defendant's insurance representative request that their personal attendance be excused in an effort to save unnecessary expenses since they have no interest in settling this matter due to Defendant's anticipated Rule 11 Motion.

Per this court's chamber rules, Defendant's counsel met and conferred with Plaintiff's counsel regarding this request on June 6, 2019, and Plaintiff's counsel would not join in this request.

For these reasons, and as set forth below, good cause exists for a continuance of the June 18, 2019 ENE Conference, or in the alternative, excusal of the Defendant's settlement representatives' personal appearance.

**I.**

**THERE IS GOOD CAUSE TO CONTINUE THE JUNE 18, 2019 ENE**

The ENE was originally scheduled for May 2, 2019.  A representative of the Defendant and an insurance representative were prepared to personally appear for this conference.  Both had made travel arrangements and incurred the expense of personally appearing at the conference.  However, on May 1, 2019, Plaintiff served his initial disclosures along with documents.  Please see attached hereto the documents produced by Plaintiff on that date.  It is Defendant's contention that those documents show that Plaintiff's claims lack any legal or factual support. Based on the production of those documents, the Parties agreed to continue the ENE until a later date so that the Parties could discuss those documents.  The Parties have had several conversations about the impact of those documents and Defendant has requested for Plaintiff to dismiss his claims.  Plaintiff and Plaintiff's counsel outright refuse to dismiss their claims.  Based on their refusal, Defendant was required to formally draft and serve a Motion for

Sanctions Pursuant to Rule 11 on Plaintiff.

There is good cause to continue the June 18, 2019 ENE Conference, pending the outcome of Defendant's Rule 11 Motion. The basis for Defendant's Rule 11 Motion is that Plaintiff and his counsel have violated Rule 11 because there is no factual or legal support for his claims, as pled in the Complaint. The pleading defect in Plaintiff's Complaint is not one which could be corrected in an amended pleading. As such, the Rule 11 Motion, if granted, will likely be without leave to amend; will dispose of Plaintiff's entire action, and thereby will obviate the need for the ENE Conference. Therefore, no meaningful settlement discussions between the parties are likely to occur until after the Rule 11 Motion has been ruled upon.

Due to the potential dispositive effect of the Rule 11 Motion, the practical approach is to postpone the ENE Conference until a ruling on the Rule 11 Motion. The purpose of the ENE Conference is to allow an informal discussion between attorneys, parties and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. Considering the divergent positions of the parties, no meaningful settlement discussions at the ENE Conference is likely to occur before the Rule 11 Motion is decided. This has become apparent based on the discussions between Plaintiff's counsel and defense counsel. Rather than waste the Court's time and the parties' time and expense in a premature ENE Conference, Defendant requests that the June 18, 2019 ENE Conference be continued to allow the Court an opportunity to rule on the Rule 11 Motion. If the Rule 11 Motion is granted, no ENE Conference would be required. If the Rule 11 Motion is denied, then the parties will be in a better position to discuss a resolution of the case. Therefore, the ENE Conference should be continued.

## II.

## THERE IS GOOD CAUSE TO ALLOW THE TELEPHONIC APPEARANCES OF DEFENDANT'S SETTLEMENT REPRESENTATIVES IN THE ALTERNATIVE

In the alternative, Defendant seeks an Order excusing the personal appearance of

its settlement representatives at the ENE.  This request is made in an effort to save unnecessary expenses, which Defendant and insurance previously incurred based on the first ENE conference.  It will require significant time, expense and resources for Defendant's representative to travel from Georgia to San Diego, and Defendant's insurance representative to travel from Texas to San Diego, to make an in-person appearance at the ENE Conference.  In order to prepare for, travel to and from, and attend the ENE Conference, Defendant's settlement representatives must set aside two business days.  These expenses may be unnecessary if the Defendant's Rule Motion is granted.

## III.

## NO PREJUDICE BY THE CONTINUANCE

There is no prejudice to Plaintiff by a continuance of the June 18, 2019 ENE Conference and this request is not made for any improper purpose or delay.  The case is likely to be dismissed or resolved, depending on the outcome of the Rule 11 Motion. Therefore, Plaintiff would not be prejudiced by continuing the ENE Conference.  In addition, since there is no Case Management Order, the requested continuance does not affect any other dates in this action.  Please note that this is Defendant's third request to continue the ENE Conference, but this request is made based on Defendant's anticipated Rule 11 Motion.  Plaintiff first provided documents to Defendant on May 1, 2019, the day before the last ENE was scheduled (Dkt. No. 15), which further proved that plaintiff had no legal or factual basis for his claims.  Since May 1, 2019, Defendant's counsel has repeatedly demanded that Plaintiff dismiss his Complaint but Plaintiff refuses to do so, thus the need for the anticipated Rule 11 Motion.

## IV.

## CONCLUSION

Pursuant to the foregoing, the Defendant respectfully request that this *Ex Parte* Motion be granted, and that the ENE and CMC be continued until after a ruling on Defendant's anticipated Federal Rule of Civil Procedure 11 Motion for Sanctions has

been issued, or in the alternative, that Defendant's settlement representatives' personal appearance be excused.

A Proposed Order regarding this Motion is submitted herewith for the Court's consideration.

Respectfully submitted,

DATED: June 7, 2019         **CARLSON & MESSER LLP**

By: /s/ David J. Kaminski
David J. Kaminski
Alex A. Wade
Attorneys for Defendant,
VITAL SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

I, David J. Kaminski, hereby certify that on this 7th day of June, 2019, a true and accurate copy of the foregoing *EX PARTE* MOTION FOR ORDER CONTINUING EARLY NEUTRAL EVALUATION AND CASE MANAGEMENT CONFERENCE, OR IN THE ALTERNATIVE, EXCUSING PERSONAL APPEARANCE OF DEFENDANT'S REPRESENTATIVE AND INSURANCE REPRESENTATIVE was served via the District Court ECF System on the Following:

Email: mdaher@sulaimanlaw.com
nick@wajdalawgroup.com

/s/David J. Kaminski
David J. Kaminski
CARLSON & MESSER LLP