David J. Kaminski (SBN 128509)
Kaminskid@cmtlaw.com
Alex A. Wade (SBN 304022)
wadea@cmtlaw.com
**CARLSON & MESSER LLP**
5901 West Century Boulevard., Suite 1200
Los Angeles, CA 90045
Telephone: (310) 242-2200
Facsimile: (310) 242-2222
Attorneys for Defendant,
VITAL SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN D. NERO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>VITAL SOLUTIONS, INC.<br><br>　　　　Defendant. | Case No. 3:18-cv-02503-BTM-MDD<br><br>**DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO RULE 11**<br><br>**Date:　　　August 23, 2019**<br>**Time:　　　11:00 a.m.**<br>**Location:　　333 West Broadway**<br>**　　　　　　San Diego, CA 92101**<br>**Courtroom: 15B (15th Flr.)** |

Defendant, Vital Solutions, Inc. (hereinafter referred to as "VSI") submits this Brief in Support of its Motion for Sanctions Pursuant to Rule 11.

## I.　　Allegations

Plaintiff Darren Nero ("Nero") alleges that VSI violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal Civ. Code §1788, et seq., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., by calling his cellular phone using an automatic telephone dialing system without his consent. For the following reasons, these claims lack factual and legal support. Therefore,

this Court should impose sanctions on Mr. Nero and his counsel for bringing these claims and continuing to prosecute them.

## II.  Facts

As an initial matter, Mr. Nero has named the wrong party.  Mr. Nero filed suit against VSI.  VSI is not a debt collector, it does not collect debt and it does not make any telephone calls.  *See* Declaration of E. Pittman, ¶¶ 3 to 4.  At no point did VSI make telephone calls to telephone number 213-915-6804, which Mr. Nero's counsel has identified as the telephone number at issue here.  *See* Declaration of E. Pittman, ¶¶ 3 to 4.  Instead, VSI's subsidiary, Vital Recovery Services, LLC ("VRS"), performs all collection activity.  *See* Declaration of E. Pittman, ¶¶ 5.  It is VRS, not VSI, which placed telephone calls to 213-915-6804.  *See* Declaration of E. Pittman, ¶¶ 5 and 11 to 15.   This is confirmed by Mr. Nero's own documents which identify "Vital Recovery" as the entity that called him.  *See* Exhibit 1 attached hereto, documents produced with Plaintiff's Initial Disclosures, pursuant to F.R.C.P 26(a)(1) ("Nero Docs") 00006 to 00008.  Mr. Nero and his counsel were fully aware before the suit was filed that VRS was the entity making the telephone calls, not VSI.  Therefore, at the time the Complaint was filed, Mr. Nero and his counsel knew that the allegations did not have any factual support since VSI is not the entity that made the calls.

Mr. Nero did not send any letters to either VSI or VRS.  Mr. Nero alleges that he mailed three letters to VSI asking VSI to stop calling him.  According to Mr. Nero, these letters were sent on the following days and to the following addresses:

- May 2, 2016: "Vital Solutions, Inc. 3212 Data Drive #200 Norcross, GA 300392."
- September 6, 2016: "Vital Solutions, Inc. Attn: Legal Department 3212 Data Drive #200 Norcross, GA 300392."
- August 4, 2017: "Vital Solutions, Inc. Attn: Legal Department 3212 Data Drive #200 Norcross, GA 300392."  *See* Nero Docs. 00001 to 00005.

As stated above, these letters were sent to the wrong party – VSI instead of VRS. These letters were mailed to an address that does not exist – 300392 is not a proper area code. Even if 300392 was a proper area code, the address listed in the letters was never an address for VSI or VRS. *See* Declaration of E. Pittman, ¶ 16. In 2016, both VSI and VRS operated out of 3795 Data Drive Suite 200 Peachtree Corners, Georgia. Attached hereto as Exhibit "5" are copies of VSI and VRS's filings with the Georgia Secretary of State. *See also*, Declaration of E. Pittman, ¶ 17. This information was publicly available to Mr. Nero when he mailed the letters and available to his counsel prior to filing suit. In summary, Mr. Nero sent the letters to the wrong party at an address that does not exist and is not and never was the address for either VSI or VRS.

All calls in this case were made outside the FDCPA and RFDCPA's statute of limitations. Mr. Nero alleges that he began receiving telephone calls from VSI in 2016. Compl. ¶ 8. Mr. Nero does not allege when the calls stopped. However, Mr. Nero's documents show that the last call occurred on July 5, 2016. *See* Nero Docs. 00006 to 00008. As stated above and contrary to the Complaint, VSI did not make any telephone calls to telephone number 213-915-6804. Instead, a separate legal entity, VRS, placed calls to 213-915-6804 and the last call to that number occurred on October 2, 2017. *See* Declaration of E. Pittman, ¶¶ 11 to 15.

No calls were made to a telephone number assigned to a cellular telephone network. Mr. Nero alleges that all calls were placed to his cell phone, which is counsel has identified as telephone number 213-915-6804. However, the documents provided by Mr. Nero belie that allegation. Mr. Nero produced a log of calls identifying "Google Voice." Such a service is not a cell service but is a Voice over Internet Protocol commonly referred to as VoIP. Google Voice provides free calling within the United States. Attached hereto as Exhibit "2" is a copy of Google Voice calling rates. A simplesearch also confirms that 213-915-6804 is a VoIP telephone number instead of a cell phone. Attached hereto as Exhibit "3" is

a copy of the search on www.phonevalidator.com . Lastly, telephone number 213-915-6804 does not belong to Mr. Nero. Instead, it belongs to Darren Chaker. Attached hereto as Exhibit "4" is a copy of the search on www.spydialer.com . In summary, any telephone call made to 213-915-6804 was made to a VoIP number, not a telephone number assigned to a cellular telephone service. These facts have been presented to Mr. Nero's counsel on the following days: May 1, 2019, May 13, 2019, May 20, 2019, May 28, 2019 and June 6, 2019. Based on these facts, the undersigned has requested for Mr. Nero to dismiss his claims on several occasions to which Mr. Nero's counsel refuses.

### III.  Law

**a.  Standard**

Federal Rule of Civil Procedure 11 provides:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Under this Rule and after notice and a reasonable opportunity to respond, the Court may determine that Rule 11 has been violated and issue sanctions against the law firm or party.  Fed. R. Civ. P. 11(c).

For the following reasons, both the Mr. Nero and his counsel have violated Rule 11 because there is no factual or legal support for his claims.

### b. Wrong Party

Mr. Nero has named the wrong party as the defendant.  VSI did not place any telephone calls to Mr. Nero or otherwise conduct any collection activity.  Based on that fact alone, Mr. Nero's Complaint lacks any factual basis.  Furthermore, his own evidence shows that he did not receive calls from VSI.  His evidence shows that "Vital Recovery" called him, not VSI.  This is also supported by VSI's evidence that states that the calls were from VRS, not VSI.  At no point has Mr. Nero or his counsel requested that the correct party be substituted in this case. Instead, they wish to proceed with full knowledge that they have named the wrong party.

The documents in Mr. Nero's and his counsel's possession (*see* Nero 00006 to 00008) and VSI/VRS's evidence shows that there is no evidentiary support for Mr. Nero's claims against VSI.  For these reasons, Mr. Nero and his counsel have violated Rule 11 and sanctions are warranted.

### c. Claims Are Barred by the Statute of Limitations

Both the FDCPA and RFDCPA provide a one year statute of limitations on filing suit.  15 U.S.C. § 1692k(d) and Cal. Civ. Code §1788.30(f).  Mr. Nero's documents show that the last call was made by VRS on July 5, 2016.  Based on his own documents, Mr. Nero should have brought suit no later than July 5, 2017. However, Mr. Nero waited more than two years to bring suit – October 31, 2018.

Mr. Nero's documents clearly show that he did not have a factual basis for contending that VSI violated the FDCPA or RFDCPA within a year of filing suit.

VRS's records show conclusively that all FDCPA and RFDCPA claims are barred by the one year statute of limitations. VRS's last telephone call to 213-915-6804 occurred on October 2, 2017. Since Mr. Nero did not file suit until more than a year after that date, October 31, 2018, all FDCPA and RFDCPA claims are time barred.

Even assuming that Mr. Nero is correct, that he sent his cease and desist letters to the right party at the right address, his FDCPA and RFDCPA claims still fail. He did not bring suit within one year of the last call. Therefore, all of his FDCPA and RFDCPA claims fail. Since there is no legal or evidentiary support for Mr. Nero's FDCPA and RFDCPA claims, Mr. Nero and his counsel have both violated Rule 11 and sanctions are warranted.

  **d.**  **VoIP Calls Are Not Subject To The TCPA and VSI Did Not Call A Telephone Number Assigned To A Cellular Telephone Service.**

Mr. Nero alleges that VSI violated 47 U.S.C. §227(b)(1)(A)(iii) by placing telephone calls to his cell phone using an automatic telephone dialing system without his consent. (Compl. ¶¶ 57 to 67). The TCPA does not prohibit telephone calls to a cell phone. Instead, it prohibits placing certain kinds of telephone calls to a "telephone number assigned to a … cellular telephone service…" 47 U.S.C. §227(b)(1)(A)(iii). Mr. Nero's documents confirm that the calls were not placed a telephone number assigned to a cellular telephone service. Instead, the calls were placed to a VoIP service – Google Voice, which is a free VoIP service provider. *See* Nero Docs. 00006 to 00008. *See also*, Exhibit 2. A search of telephone number 213-915-6804 further confirms that that number is assigned to a VoIP service and not a cellular telephone service. *See* Exhibit 3. Furthermore, evidence shows that telephone number 213-915-6804 does not even belong to Mr. Nero. *See* Exhibit 4.

Mr. Nero uses Google Voice which is a free VoIP telephone service and is not subject to the TCPA. *See*, *Klein v. Commerce Energy, Inc.*, 256 F. Supp. 3d 536, 578-583 (E.D. Pa. 2017); *Karle v. Southwest Credit Sys.*, 2015 U.S. Dist. LEXIS 112500 (Mass. June 22, 2015); *Breda v. Cellco P'Ship,* 2017 U.S. Dist. LEXIS 191186 (Mass. Nov. 17, 2017); *Ghawi v. Law Offices of Howard Lee Schiff, P.C.*, 2015 U.S. Dist. LEXIS 152008 (Conn. Nov. 10, 2015). Since Mr. Nero's telephone number is not a telephone number assigned to a cellular telephone service his TCPA claims fail.

Mr. Nero and his counsel knew when this case was filed that all calls were placed to a VoIP service, not a cell phone service. Mr. Nero's own documents conclusively show that the calls were not placed to one of the service prohibited under the TCPA. Yet, both Mr. Nero and his counsel brought this suit alleging that they did and continue to litigate this case in the face of their own evidence which disproves their claim. There is no factual or legal support to Mr. Nero's TCPA claims. These claims were brought and continue to be prosecuted for an improper purpose, to harass, cause unnecessary delay and needlessly increase the cost of litigation. For these reasons, both Mr. Nero and his counsel have violated Rule 11 and sanctions are warranted.

## CONCLUSION

Even assuming that Mr. Nero's factual allegations are correct, which they are not, all of his claims still fail. For the sake of argument, VSI will assume that all of the following allegations are true:

- VSI is the correct party,
- Mr. Nero sent several letters to VSI requesting for the calls to stop,
- VSI received all of these letters and continued to place telephone calls, and
- All the calls were made to his cellular telephone.

Even if these were all factual correct Mr. Nero's claims still fail for the following reasons:

- All of the FDCPA and RFDCPA claims are barred by the statute of limitations, and
- All calls were placed to a free VoIP telephone service and those calls are not subject to the TCPA.

Prior to filing suit this information was fully within the knowledge of both Mr. Nero and his counsel.  Since the filing of this suit the undersigned has made Mr. Nero's counsel aware of these facts.  Yet, in the face of these facts both Mr. Nero and his counsel continue forward knowing that there is no factual or legal basis for any of the claims.  They continue to prosecute them for an improper purpose, mainly to harass, cause unnecessary delay and needlessly increase the cost of litigation.    For those reasons, Mr. Nero and his counsel have violated Rule and sanctions are warranted.

VSI respectfully requests that this Motion be granted and that sanctions be awarded against Mr. Nero and his counsel for VSI's reasonable attorney's fees and costs resulting from their violations and that this case be dismissed with prejudice.

Dated: July 2, 2019          CARLSON & MESSER LLP

/s/ David J. Kaminski
David J. Kaminski
Alex A. Wade
Attorneys for Defendant,
VITAL SOLUTIONS, INC.

# **CERTIFICATE OF SERVICE**

I, David J. Kaminski, hereby certify that on this 2nd day of July, 2019, a true and accurate copy of the foregoing DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO RULE 11 was filed through the ECF system, which will send notification of such filing to the e-mail addresses associated with this case.

    /s/David J. Kaminski
David J. Kaminski
CARLSON & MESSER LLP