David J. Kaminski (SBN 128509)
Kaminskid@cmtlaw.com
Alex A. Wade (SBN 304022)
wadea@cmtlaw.com
CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, CA 90045
Tel: (310) 242-2200
Fax: (310) 242-2222

Attorneys for Defendant,
VITAL SOLUTIONS, INC.

UNITED STATES DISTRICT COURTS

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN D. NERO<br><br>    Plaintiff,<br><br>v.<br><br>VITAL SOLUTIONS, INC.<br><br>    Defendant. | Case No: 3:18-cv-02503-BTM-MDD<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO RULE 11** |

Defendant, Vital Solutions, Inc. (hereinafter referred to as "VSI") submits this Reply Brief in Support of its Motion for Sanctions Pursuant to Rule 11 as follows:

## INTRODUCTION

Plaintiff Darren D. Nero's entire case is based on his allegation that VSI called his "cellular telephone number, (213) XXX-6804)." [Compl. ¶ 9]. He is the "operator of [that] cellular telephone number" and he has "always been financially responsible for this cellular telephone and its services ending in 6804." [Compl. ¶

9]. Based on those calls, Nero alleges that VSI violated various state and federal laws.

Nero now admits that those allegations are wrong.  First, Nero admits that he did not receive any telephone to his cellular telephone number.  In fact, he doesn't even know his cell phone number.  Instead, telephone number 6804 is unrelated to that service and is a separate VoIP service provided by Google Voice.  Second, Nero is not financially responsible for the Google Voice services because those services are free.

These facts, as supported by Nero's own affidavit testimony and response, confirm that there is no factual or legal support for his claims.  For these reasons VSI's motion must be granted.

## I. No Calls Were Placed To Nero's Cellular Telephone Number.

As VSI argued, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., does not prohibit calls to a cell phone.  Instead, it prohibits certain kinds of telephone calls to a "telephone number assigned to …a cellular telephone service…" 47 U.S.C. § 227(b)(1)(A)(iii).
Nero alleges that VSI violated that section of the TCPA by placing calls to his "cellular telephone number, (213) XXX-6804)." [Compl. ¶ 9].

However, Nero now admits that did not  happen.  Nero has two different telephone services: 1) cellular and 2) VoIP. [Doc. 26-1, ¶¶ 2 and 3].  The telephone number at issue, 6804, is not Nero's cellular telephone number. [Doc. 26-1, ¶¶ 2 and 3].  In fact, Nero doesn't even know his cell phone number. [Doc. 26-1, ¶¶ 2 and 3].  Rather, telephone number 6804 relates to his free VoIP service provided by Google Voice. [Doc 26, pg. 10 and Doc. 26-1, ¶ 2]. All calls were made to the VoIP number and not the cellular telephone number. [Doc. 26-1, ¶ 13].  Nero voluntarily *forwarded* his VoIP calls to his cellular telephone service. [Doc. 26-1, ¶¶ 4 and 14].

Nero's own testimony confirms that his allegation - "cellular telephone number, (213) XXX-6804)" – lacks factual support.  His affidavit disproves his own allegation.  According to Nero, no calls were made to his cellular telephone number.  Instead, all calls were made to a free VoIP service. [Doc 26, pg. 10 and Doc. 26-1, ¶¶ 2 and 13].   Calling a VoIP number is not making a call to a number assigned to a cellular telephone service.  *Klein v. Commerce Energy, Inc.,* 256 F. Supp.3d 563, 581 (W.D. Pa. 2017).  For this reason alone, VSI's motion must be granted.  The Complaint's allegations are fabricated and Nero's own affidavit serves as evidence disproving his own fabricated claims.

## II. Calls Forwarded To A Cell Phone Are Not Subject To The TCPA.

Nero argues that calls to his VoIP number should be subject to the TCPA because he forwarded those calls to his cell phone. [Doc. 26, pg. 8 to 10].  The FCC, who is tasked with rulemaking authority over the TCPA, has held that the TCPA is not violated when someone calls a landline and that call is then forwarded to a cell phone. In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 20 FCC Rcd. 3788, ¶ 48, 2005 FCC LEXIS 1158 (2005); *Harper v. Credit Control Services, Inc*., 863 F. Supp. 2d 125 (D. Mass. 2012)("Harper admits to frequently forwarding calls from her land line to her cell phone and, although she denied that is what happened here, it is the only reasonable explanation that can be drawn from the evidence.") This same reasoning has also been applied to calls to a VoIP number that are then forwarded on to a cell phone.  *Kle*in, 256 F. Supp. 3d at 581.  Such calls do not violate the TCPA. *Id*.

Nero next argues that the calls should be subject to the TCPA because the TCPA prohibits calls to "any service for which the called party is charged for the call." [Doc. 26, pg. 8 to 10].  This argument fails for two reasons.  First, Nero did not allege that VSI violated the TCPA by placing a telephone call to a service for which he was charged for the call.  He only alleges that calls were placed to his

cellular telephone number, which isn't true. He does not allege that a second service was called and that he was charged for calls to that service. Without such an allegation, Nero's argument fails. Second, Nero admits that the VoIP service is free, therefore, he has not incurred any charge. [Doc. 26, pg. 10]. To skirt that issue, Nero argues that he incurred charges when he forwarded the call from his free VoIP service to his cellular service.

He claims a charge associated with the cellular service. That argument fails because the charge must be incurred with the service VSI called (VoIP which was free) not for the service where the call was forwarded (the cellular service). *Kle*in, 256 F. Supp. 3d at Fn. 9; ("The argument presents that where a person sets up the forwarding of calls made to a number assigned to one service to then forward to a number assigned to another service it is the person setting up the forwarding of calls who in essence is making the call to the second service. Conceptualized this way, charges for the initial call only should be considered for the catchall provision with no need to consider the Verizon Wireless bills at all because any charges by Verizon Wireless for the forwarding of calls to a number assigned by that service would be calls made by Klein from his VoIP service to his own Verizon Wireless service.").

### III.   *Breda* **Does Not Apply Because Nero Forwarded Calls From His VoIP Service To His Cell Phone.**

Nero relies heavily on a very recent First Circuit Court of Appeals case for the proposition that calls to a VoIP service may fall under the TCPA. Nero went so far as to try to construct his affidavit to comport with that decision. However, that argument fails because Nero did not have a "hybrid service" that the First Circuit held was subject to the TCPA. Instead, Nero forwarded telephone calls from his VoIP telephone number to his cellular telephone service, which the First Circuit noted was not a "hybrid service."

In *Breda v. Cellco P'Ship,* 2019 U.S. App. LEXIS 24148 (1st Cir. Aug. 2, 2019), the First Circuit Court of Appeals was confronted with an issue of "hybrid service" – where a single telephone service provider for one telephone number provides a mix of VoIP and cellular calls.

The plaintiff contracted with a single service provider (Republic Wireless) for telephone services for one telephone number. The hybrid nature of the services depended on whether plaintiff was connected to the internet. If the plaintiff received a telephone call when she was connected to the internet then the call was delivered via VoIP. If, on the other hand, plaintiff was not connected to the internet then the calls were delivered via a cellular network. Republic Wireless made the determination on how to deliver the calls (VoIP vs. cellular) based on whether there was an internet connection. The First Circuit noted that this "hybrid service" is different from forwarding calls from a VoIP telephone number to a cellular telephone number. *Id*., at Fn. 17.

As argued above, Nero admits forwarding calls from his VoIP number to a cell phone and such calls to not violate the TCPA. Based on the hybrid nature of the services plaintiff obtained, the First Circuit held that those calls were subject to the TCPA.

Nero admits facts which prove that he does not have a "hybrid service" akin to the *Breda* case. In order to be a "hybrid service" there would need to be a single service provider for a single telephone number that provides both VoIP and cellular services. Nero's phone service is not that. Instead, Nero has two different service providers each providing their own specific services for two different telephone numbers. Nero forwarded calls from his VoIP service to his cell phone. The First Circuit specifically noted that that forwarding was not a "hybrid' service." Such forwarding of calls to his cellular telephone number does not subject those calls to the TCPA. Any reliance on *Breda* is utterly misplaced.

## IV. An Investigation Into Nero's Identity Shows That The Has Been Sanctioned For Bringing Meritless Claims And Is A Vexatious Litigant.

Nero argues that the telephone number at issue belongs to him, contrary to documents saying otherwise. He testified that his name is Darren Chaker Del Nero and that had VSI investigated his identity it would have discovered that fact. VSI took Nero's advice and investigated his identify. The results were enlightening. VSI uncovered various aliases that Nero has used over the years. He has filed numerous lawsuits involving debt collection using different names. The list of names is as follows:

- Darren Del Nero
- Darren David Del Nero
- Darren Del Nero-Chaker
- Darren D. Chaker
- Darren David Chaker
- Darren Shaker
- Darrin Shackler

From this list, VSI found several cases where Nero has been sanctioned for manufacturing and bringing meritless claims. *See*, *Chaker v. Nathan Enters. Corp.*, CV 04-2726-RSWL, 2009 U.S. Dist. LEXIS 14813 (C.D. Cal. April 21, 2009)("Plaintiff Darren Chaker is ordered to pay $136,316.14 to Defendant. Plaintiff brought his claim in bad faith and Defendant is entitled to attorney's fees…"); *Del Nero et al. v. Midland Credit Management, Inc.*, Civil Action File No. 2:04-cv-01040-ABC-SH (C.D. Cal. February 2, 2007)("The record of the present case as well as Plaintiff's pattern of filing apparently frivolous cases asserting debt collection violations establish that the present case was brought in bad faith and for the purpose of harassment as defined by 15 U.S.C. § 1692k(a)(3)…Plaintiff. Darren Del Nero, is liable for [$155,979.09] for bringing

this Fair Debt Collection Practices Act ("FDCPA") case in bad faith and for the purpose of harassment"); *Darren D. Chaker v. Felipa R. Richland, et al.,* Civil Case No. 2:05-cv-07851-RSWL-PLA (C.D. Cal. Mar. 13, 2006)(Defendant awarded $42,934.84 against Nero and then Order amended on April 4, 2006 to include his aliases – Darren Del Nero and Darren Chaker DelNero). Furthermore, Nero has been also been deemed a vexatious litigant under California law. Attached hereto as Exhibit "A" is excerpts of the Vexatious Litigation List identifying Darren Chaker and Darren Del Nero.

Nero has a pattern and practice of bringing meritless lawsuits against debt collectors. He has been sanctioned in excess of $300,000 for this behavior. His behavior continues here as there is no factual or legal basis for his claims.

### V. Nero's Testimony Confirms That VSI Is The Wrong Party.

VSI contends that it is the wrong party. To support that argument, it testified that it did not call Nero and informed him that such calls were made by VRS. Nero responds that VSI's reliance on Nero's documents is unpersuasive because "it is universal knowledge that a caller ID only identifies the subscriber to telephone services and not the actual identity of the caller." Therefore, according to Nero, the dispositive issue is the identity of the caller. All evidence and any reasonable inferences point to one entity as the caller – VRS.

Nero testified that when he received calls the representatives identified themselves as calling from VRS. [Doc. 26-1, ¶ 5]. The voicemails also identified the calls coming from VRS. [Doc. 26-1, ¶ 6]. Nero's own Google Voice phone records show that the calls were from VRS. [Doc. 22-2, pg. 7 to 9]. Nothing provided by either VSI or Nero shows that any of the telephone calls were made by VSI. Nero only points to VSI's website which identifies VRS as a subsidiary. Nothing in that website indicates that it was VSI making the telephone calls. In fact, the website informed Nero that the calls were from VRS because VSI identified VRS as the debt collector.

## VI. Nero Could Not Have Conducted A Pre-Suit Investigation

Nero argues that he had a good faith basis to name only VSI as a party because he found other cases where both VSI and VRS were both named as defendants. As an initial matter, that has no bearing on this case. Nero did not name VSI *and* VRS. Nero sued only VSI. Nero's investigation must have been conducted prior to filing suit on October 31, 2018. Nero points to four cases pending in the United States District Court for the Eastern District of New York.[1] Two of those cases, *Lynch* and *Weinberg*, were not filed until after October 31, 2018, therefore, it is impossible that those two cases could have been a part of Nero's pre-suit investigation because they did not exist at that time. The other two cases, *Lacy* and *Filippi*, were filed prior to Nero's suit. However, it is highly unlikely that either Nero or his counsel were aware of either suit or what was alleged in the suits prior to October 2018. The reason is because VSI was unaware of the suits until it was served in 2019. Even after they were served it was uncertain as to the specific allegations because New York state court, where the cases were originally filed, only required that a summons be filed. It wasn't until after VSI removed the cases to federal court that the plaintiffs finally filed complaints identifying the claims. That didn't happen until May 2019, more than six months after Nero would have conducted his investigation. Had Nero reviewed VSI's answers in those cases he would have discovered that VSI denied being a debt collector or any denied conducing any collection activity – like its response in this case. To believe that Nero reviewed those cases as justification for suing only VSI requires this Court to believe that Nero can see into the future. Neither Nero nor his counsel conducted any investigation prior to filing suit. They simply found

---

[1] Nero cites one case filed in the United States District Court for the Northern District of Georgia but the allegations in that complaint dealt with employment issues, not debt collection. Therefore, they have no bearing on this case.

{00121313;1}   8

those cases after VSI told them they had the wrong party and are trying to back-date their investigation for the purpose of responding to VSI's motion.

## VII. Nero Has Not Alleged That VSI Is Vicariously Liable.

Nero argues that "assuming" VRS was the entity that made the calls, then VSI could be vicariously liable. This argument fails because Nero did not allege that VSI is vicariously liable for the acts of VRS. Rather, Nero alleges that VSI is directly liable because VSI called him. The Complaint is completely devoid of any mention of VRS or its acts/omissions. Since Nero failed to allege any vicariously liability in the Complaint such argument fails here.

In summary, based on Nero's own documents and testimony, there is no good faith basis supporting a claim against VSI. Nero has named the wrong party. He has been provided evidence showing him that he has the wrong party, his own documents and testimony confirm he named the wrong party yet Nero continues to claim that VSI called him, not VRS.

## VIII. Nero's FDCPA and RFDCPA Claims Are Barred By The Statute of Limitations And He Fails To Provide Any Evidence To The Contrary.

Nero filed suit on October 31, 2018. For his Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and Rosenthal Fair Debt Collection Practices ("RFDCPA"), Cal Civ. Code § 1788, et seq., claims to be timely there must have been a telephone call on or after October 31, 2017. Nero's documents, VRS's documents and VSI's testimony show that the last call happened on October 2, 2017.

Nero makes a conclusory statement that he had a good faith basis to believe calls happened in 2018. To support this belief he claims that he needs to conduct discovery. However, this argument fails for two reasons. First, VSI has produced VRS's documents and affidavit testimony showing the date of the last call. Therefore, Nero does not need to conduct discovery of VSI/VRS records as to the

date of the last call.  Second, the other source of potential discovery is Nero's own phone records.  Nero admits that all calls were made to his Google Voice number.  He produced those records and they do not show any telephone calls in 2018.  Nero does not explain what documents or evidence he needs.  He just claims he needs discovery.

In summary, VSI has provided documents and testimony showing that Nero's FDCPA and RFDCPA claims are time barred.  Nero has also produced documents showing his claims are time barred.  Nero has not come forward with anything refuting VSI's evidence or his own pone records.

## CONCLUSION

Nero admits that his central allegation – VSI called his "cellular telephone number, (213) XXX-6804" – is false.  That is not his cellular telephone number, he does not know his cellular telephone number and all calls were placed to a non-cellular telephone number.  Telephone number 6804 is a VoIP number for Google Voice.  That is a free service.  All calls were made to the VoIP number, not his cellular telephone number.  Nero's testimony confirms that his case is without any factual support.

Nero's testimony that the calls were forwarded from his VoIP to his cell phone is fatal to his TCPA claim.  As the FCC and courts have held, calls forwarded from a landline or VoIP to a cell phone do not violate the TCPA.

Lastly, Nero admits that the calls were from VRS, not VSI.  During telephone calls and voicemails the callers identified themselves as calling from VRS.  Nero's own phone records confirm that the calls were from VRS.

Therefore, VSI respectfully requests its motion be granted in its entirety and that sanctions be awarded against Mr. Nero and his counsel for VIS's reasonable attorney's fees and costs resulting from their violations and that this case be dismissed with prejudice.

Dated: August 30, 2019                              CARLSON & MESSER LLP

By: s/David J. Kaminski
David J. Kaminski
Alex A. Wade
Attorneys for Defendant
VITAL SOLUTIONS, INC.

## **CERTIFICATE OF SERVICE**

I, David J. Kaminski, hereby certify that on this 30th day of August, 2019, a true and accurate copy of the foregoing Reply Brief in Support to Motion for Sanctions Pursuant to Rule 11 was filed through the ECF system, which will send notification of such filing to the e-mail addresses associated with this case.

/s/David J. Kaminski
David J. Kaminski
CARLSON & MESSER LLP